```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION

IN RE TYSON FOODS, INC.,            *
                                              MDL Docket No. 1854
FAIR LABOR STANDARDS ACT            *           4:07-MD-1854(CDL)

LITIGATION                          *              ALL CASES
```

O R D E R

Presently pending before the Court is Plaintiffs' Motion to Compel Production of Time Study Documents (Doc. 549) and Tyson's Motion for *In Camera* Inspection (Doc. 566).  The Court grants Tyson's Motion for *In Camera* Inspection and has reviewed the documents which Tyson contends are privileged.  As the Court announced during the May 13 hearing on Plaintiffs' Motion to Compel, the Court finds that the following documents are protected by the attorney-client privilege and thus denies the Motion to Compel as to these documents: TY-ESI-CORP-01-00007492; TY-ESI-SED-0100004378-79; TY-ESI-CORP-02-00010898-10900; and TY-ESI-SED-01-00005818.  The Court finds that the following document is not relevant and thus not discoverable at this time because it does not pertain to one of the eight test plants: TY-ESI-CORP-01-00001734-35.

Regarding the remaining documents which Tyson contends are privileged, as the Court announced during the May 13 hearing, the Court concludes that the documents are "fact" work product rather than "opinion" work product containing legal strategy and mental impressions; the time studies and surveys are simply factual responses about Tyson's plant operations.  Under Federal Rule of

Civil Procedure 26(b)(3), a party seeking "fact" work product may discover the materials if the party seeking it shows (1) "that it has substantial need for the materials to prepare its case" and (2) "cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).  Plaintiffs have a substantial need for the time studies because those studies are relevant on the question whether it is feasible for Tyson to record donning/doffing time along with other time worked.  Plaintiffs cannot obtain the substantial equivalent of the time studies without significant expense and delay and without significant cooperation of and burden to Tyson.  For these reasons, the Court concludes that Plaintiffs have established that they have a substantial need for the time study documents and cannot obtain the substantial equivalent without undue hardship by other means.  Therefore, the time study documents are discoverable, and Plaintiffs' Motion to Compel the remaining time study documents is granted.

    IT IS SO ORDERED, this 14th day of May, 2009.

    S/Clay D. Land
        CLAY D. LAND
   UNITED STATES DISTRICT JUDGE